◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND REED, Appellant. [816 NYS2d 254]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 4, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the third degree (two counts) and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the conviction of murder in the second degree (Penal Law § 125.25 [2]) under the second count of the indictment to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence imposed on that count and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for sentencing on that conviction.

Memorandum: Defendant appeals from a judgment convicting him of one count each of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]) and assault in the second degree (§ 120.05 [2]), and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to the contention of defendant, Supreme Court properly refused to suppress statements that he made to the police (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Also contrary to defendant's contention, the court did not abuse its discretion in admitting the autopsy photograph of the victim in evidence (*see generally People v Pobliner*, 32 NY2d 356, 369-370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]). Defendant failed to preserve for our review his contention that the court erred in admitting the portrait photograph of the victim in evidence (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe.

Defendant further contends, however, and the People correctly concede, that the conviction of depraved indifference murder is not supported by legally sufficient evidence (*see generally People v Suarez*, 6 NY3d 202, 207-215 [2005]; *People v Payne*, 3 NY3d 266, 270-273 [2004]). We therefore modify the judgment by reducing the conviction of murder in the second degree under the second count of the indictment to manslaughter in the second degree (Penal Law § 125.15 [1]) and vacating the sentence imposed on that count (*see* CPL 470.15 [2] [a]), and we remit the matter to Supreme Court for sentencing on that conviction (*see* CPL 470.20 [4]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Hayes, JJ.